IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH GMYR-MAEZ,

       Plaintiff,

v.   No. CIV 15-0617 RB/SCY

ALBUQUERQUE POLICE OFFICER COLLIN,
SCHNEIDER, individually and in his official
capacity, ALBUQUERQUE POLICE OFFICER
CHRISTINE APODACA, individually and in her
official capacity, JOHN/JANE DOE SUPERVISOR,
individually and in his/her official capacity, and
CITY OF ALBUQUERQUE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Due Process Claims and Plaintiff's Claim Against the City of Albuquerque for Negligent Hiring, Training, Supervision and Retention filed on August 11, 2015. (Doc. 15.) Jurisdiction arises under 28 U.S.C. § 1331.

Having considered the submissions of counsel and relevant law, the Court will **GRANT IN PART** Defendants' motion to dismiss as outlined below.

### I.   Procedural Background

Plaintiff was arrested on March 4, 2014 based on allegations of misdemeanor domestic violence. (Doc. 24, First Am. Compl. ¶¶ 7–8; *see also* Doc. 40 at 2, ¶ 1.) Defendants Schneider and Apodaca drove Plaintiff and several other male detainees to the Bernalillo Metropolitan Detention Center ("MDC"), where Plaintiff alleges that Defendants left her in the transport van

in freezing temperatures, handcuffed and eventually panicked, for up to two hours. (First Am. Compl. ¶¶ 12–16, 19–27.)

Plaintiff filed her complaint in state court alleging (1) cruel and unusual punishment in violation of her Eighth Amendment rights; (2) excessive force in violation of her Fourth Amendment rights; (3) a deprivation of her rights to be free from severe discomfort and from the risk of serious bodily harm in violation of her due process rights under the Fourteenth Amendment; (4) negligent operation of motor vehicles under the New Mexico Tort Claims Act; (5) negligent operation of equipment and machinery under the New Mexico Tort Claims Act; and (6) negligent hiring, training, supervision and retention under the New Mexico Tort Claims Act. (*Id.* at ¶¶ 35–71.) Defendants removed the case to this Court on July 15, 2015 pursuant to 28 U.S.C. §§ 1441(b) and 1446(a). (Doc. 1.) Plaintiff filed an amended complaint on August 26, 2015 to correct the name of one Defendant. (First. Am. Compl.)

Defendants filed this motion to dismiss on August 11, 2015 (Doc. 15), Plaintiff responded on August 25, 2015 (Doc. 22), and Defendants filed a reply on September 8, 2015 (Doc. 34).

## II. Statement of Facts

On March 4, 2014, Plaintiff and her husband had a heated argument. (First Am. Compl. ¶ 7.) Bernalillo County Sheriff's Office deputies responded and arrested Plaintiff based on allegations of misdemeanor domestic violence. (*Id.* at ¶ 8.) Plaintiff alleges that the deputies handcuffed her with her hands behind her back around 7:10 p.m. and transported her to the City of Albuquerque Prisoner Transport Center, where she was transferred to the custody of officers with the Albuquerque Police Department ("APD") around 8:41 p.m. (*Id.* at ¶¶ 10–11, 43.)

Defendants Schneider and Apodaca placed Plaintiff and eight male detainees in a police transport van. (*Id.* at ¶ 12.) The officers separated Plaintiff into a small compartment within the van, where Plaintiff alleges she could not stand up, see Defendants, the other detainees, or outside of the van. (*Id.* at ¶ 14.) Plaintiff alleges that when they arrived at the Metropolitan Detention Center ("MDC"), Defendants removed the male detainees from the van but left Plaintiff in the van alone. (*Id.* at ¶ 16.) Plaintiff asserts that the van did not have adequate ventilation. (*Id.* at ¶ 33.) Plaintiff, who asserts that she was only wearing street clothes, became increasingly panicked and cold in the van. (*Id.* at ¶¶ 19–25.) Plaintiff alleges that she cried, hyperventilated, and called for help, but no one responded. (*Id.* at ¶¶ 25–26.) Plaintiff asserts that when Defendant Schneider eventually retrieved her from the van, he asked her to calm down and apologized repeatedly for "forgetting" her. (*Id.* at ¶ 28.) Plaintiff alleges that she was left in the van alone anywhere between 45 minutes and two hours. (*Id.* at ¶ 27.) Plaintiff asserts that the time she spent in handcuffs caused her to suffer pain in her wrists and shoulders; she also suffered from severe emotional distress and mental anguish. (*Id.* at ¶ 23, 31.)

### III.    Motion to Dismiss Standard

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). To survive a motion to dismiss, the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

## IV.     Discussion

### A.     Count III—Fourteenth Amendment Claim

It was not clear from her complaint what claims Plaintiff intends to bring under the Fourteenth Amendment. (First Am. Compl. ¶¶ 47–53.) Plaintiff provided some clarity in her response to Defendants' motion: she claims that Defendants violated her procedural due process rights by confining her in the police transport van without any procedural safeguards, resulting in a loss of liberty. (Doc. 22 at 3–5.)

#### 1.     Plaintiff Has Adequate Post-Deprivation Procedures Available

Defendants contend that Plaintiff has adequate post-deprivation procedures available that satisfy due process requirements; therefore, her due process claim should be dismissed. (Doc. 15 at 5–8.) The Fourteenth Amendment's "Due Process Clause encompasses two distinct forms of protection: (i) procedural due process, which requires a state to employ fair procedures when depriving a person of a protected interest; and (ii) substantive due process, which guarantees that a state cannot deprive a person of a protected interest for certain reasons." *Reid v. Pautler*, 36 F. Supp. 3d 1067, 1136 (D.N.M. 2014) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998)). Under either procedural or substantive due process, the plaintiff must demonstrate that she had "a protected interest in either life, liberty, or property." *Id.* (quoting *Chavez-Rodriguez v. City of Santa Fe*, No. CIV 07-0633, 2008 WL 5992271, at *6 (D.N.M. Oct. 9, 2008)).

Courts use a two-step inquiry to determine "whether an individual's procedural due-process rights were violated . . . ." *Id.* (citations omitted); *see also Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citation omitted). First, "[d]id the individual possess a

protected [liberty or] property interest to which due process protection was applicable?" *Reid*, 36 F. Supp. 3d at 1136 (quoting *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006) (internal citation omitted)); *see also Ky. Dep't of Corr.*, 490 U.S. at 460 (the first step in examining procedural due process questions is "whether there exists a liberty or property interest which has been interfered with by" a government actor) (internal citation omitted). And second, "[w]as the individual afforded an appropriate level of process?" *Reid*, 36 F. Supp. 3d at 1136 (quoting *Camuglia*, 448 F.3d at 1219 (internal citation omitted)).

The Court turns first to whether Plaintiff has demonstrated a protected liberty interest that implicates due process protection. Here, Plaintiff asserts a liberty interest based on her alleged extensive and uncomfortable confinement in the police transport van and argues that she was not afforded "fair procedure" before the deprivation. (Doc. 22 at 4.) Plaintiff does not make clear in her complaint or her response what kind of "fair procedure" might be appropriate. In her complaint, she alleges that when Defendant Schneider retrieved her from the van, he repeatedly apologized for "forgetting" to get her. (First. Am. Compl. ¶ 28.) Plaintiff does not allege that Defendants were reckless or deliberately intended to leave her in the van, nor does Plaintiff allege that Defendants' conduct was authorized.

"If a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements. *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013), *as amended on denial of reh'g* (Jan. 8, 2014) (citing *Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007) (citing *Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986))). In *Myers*, a detective fabricated "facts to create the illusion of probable cause." *Id.* at 1193. As a result, the plaintiff was arrested and spent three

days in custody. *Id.* at 1192. When the plaintiff brought a procedural due process claim under the Fourteenth Amendment, the Tenth Circuit explained that the detective's "lawlessness could not have been anticipated or prevented pre-deprivation, but a post-deprivation malicious-prosecution claim serves as an effective antidote." *Id.* at 1193. The existence of a post-deprivation remedy under state law precluded the plaintiff's procedural due process claim. *Id.*; *see also Becker*, 494 F.3d at 920–21.

Plaintiff does not contend that there is a policy in place that anticipates what fair procedure an arrestee is entitled to when a police officer forgets to collect the arrestee from a transport van. A more fitting argument, and one that Plaintiff makes in Counts IV and V of her complaint, is that Defendants were negligent in leaving her in the van. (First Am. Compl. ¶¶ 54–65.) "Generally, negligence does not trigger the Due Process Clause's protections." *Glover v. Gartman*, 899 F. Supp. 2d 1115, 1132 (D.N.M. 2012) (citing *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (finding that "the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials")). The New Mexico Tort Claims Act *does* authorize claims for certain enumerated acts "caused by the negligence of law enforcement officers while acting within the scope of their duties." *Glover*, 899 F. Supp. 2d at 1143 (citations omitted); *see also* N.M. Stat. Ann. § 41-4-12. Those "post-deprivation state tort remedies are adequate to satisfy due process requirements." *Becker*, 494 F.3d at 921 (citing *Parratt*, 451 U.S. at 535–44 ("holding state could not anticipate employee's negligence"); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("extending *Parratt*'s logic to intentional torts")).

What's more, the Tenth Circuit has not "extended Fourteenth Amendment procedural due process guarantees to pre-trial deprivations of liberty." *Becker*, 494 F.3d at 920. As explained more fully below, Plaintiff's constitutional liberty interests are "adequately protected" by the

Fourth and Eighth Amendments, "and she therefore has no procedural due process claim based on pre-trial deprivations of physical liberty." *Id.* (citing *Albright v. Oliver*, 510 U.S. 266 (1994); *Pierce v. Gilchrist*, 359 F.3d 1279, 1285–86 (10th Cir. 2004); *Taylor v. Meacham*, 82 F.3d 1556, 1560 (10th Cir. 1996)). Accordingly, Plaintiff has "suffered no deprivation of liberty in violation of her procedural due process rights." *Id.* at 921.

### 2. Plaintiff's Claims Are More Appropriate Under the Fourth and/or Eighth Amendments

Defendants also contend that Plaintiff's claims are properly brought under the Eighth Amendment (where she alleges cruel and unusual punishment), rather than the Fourteenth Amendment. (Doc. 15 at 5–8.) Plaintiff asserts that her claim is for a violation of her procedural due process rights, but assuming she intends to make a claim for violations of her substantive due process rights, it would still not warrant analysis under the Fourteenth Amendment. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

When a plaintiff brings a claim for excessive force in a § 1983 suit, "analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham*, 490 U.S. at 394 (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979)). "In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct." *Id.* Here, Plaintiff has made a Fourth Amendment claim that Defendants used excessive force during their seizure of her in the police transport van. (First Am. Compl. ¶ 43.)

7

The Supreme Court has held that where an individual brings a "claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person, . . . such claims are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." *Graham*, 490 U.S. at 388.

The same would hold true if the claim was more properly characterized as one alleging cruel and unusual punishment—or as Plaintiff alleges in Count I, conditions of confinement that amount to punishment—under the Eighth Amendment. *See id.* For example, when the plaintiffs in *Riddle v. Mondragon* brought claims under both the Eighth and Fourteenth Amendments based on allegations that prison officials denied them medical care, the Tenth Circuit found that it was proper to analyze the claims under the Eighth Amendment "and not under the more generalized provisions of substantive due process." 83 F.3d 1197, 1202 (10th Cir. 1996) (citing *Berry v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990) (citing *Graham*, 490 U.S. at 394)). Because Plaintiff's claim involves the conditions of her confinement, it is more properly characterized as a claim under the Eighth Amendment, not as a substantive due process claim under the Fourteenth Amendment.

### 3. Plaintiff Fails to State a Claim for a Violation of Her Substantive Due Process Rights

Even if Plaintiff could bring simultaneous claims under the Fourth or Eighth and Fourteenth Amendments, she has failed to state a claim using a substantive due process standard. In *County of Sacramento v. Lewis*, the Supreme Court held that the threshold question to consider in a substantive due process claim is whether the government official's behavior shocks the Court's conscience. 523 U.S. at 847. To satisfy this standard, Plaintiff "must demonstrate a

degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Camuglia*, 448 F.3d at 1222–23 (citation omitted). "'[A] § 1983 violation based on substantive due process 'must be predicated on a state action manifesting one of two traditional forms of wrongful intent—that is, either (1) an intent to harm; or (2) an intent to place a person unreasonably at risk of harm . . . .'" *Ward v. Anderson*, 494 F.3d 929, 938 (10th Cir. 2007) (quoting *Uhlrig v. Harder*, 64 F.3d 567, 573) (10th Cir. 1995)).

Plaintiff's complaint contains no allegations that demonstrate Defendants intended to harm her or place her unreasonably at risk of harm. *Id.* Indeed, Plaintiff alleges that Defendant Schneider repeatedly apologized for "forgetting" her. (First. Am. Compl. ¶ 28.) Such a mistake, whether inadvertent or due to negligence, does not rise to a level of "outrageous" or "conscious shocking." *Camuglia*, 448 F.3d at 1222–23 (citation omitted). For the foregoing reasons, the Court finds that Plaintiff's due process interests under the facts alleged in the complaint are "adequately protected by the Fourth Amendment, [the Eighth Amendment, and] state tort law . . . ." *Becker*, 494 F.3d at 919.

The Court takes care to note that Plaintiff's Fourteenth Amendment claim is not dismissed outright. The Due Process Clause of the Fourteenth Amendment protects the constitutional rights of pretrial detainees[1] to be free from cruel and unusual punishment. *See Glover*, 899 F. Supp. 2d at 1144 (citing *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999)). Nevertheless, the Tenth Circuit directs that courts "apply an analysis identical to that applied in Eighth Amendment cases" when pretrial detainees assert such rights under § 1983. *Lopez*, 172 F.3d at 759 n.2. Accordingly, while Plaintiff's claim under the Fourteenth Amendment is

---

[1] The Tenth Circuit has treated an arrestee en route to a jail as a pretrial detainee and applied an Eighth Amendment analysis to his claim for denial of medical attention. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1310 (10th Cir. 2002).

dismissed to the extent that she is bringing a procedural due process claim or a claim using the substantive due process standard (i.e., that Defendants' behavior was outrageous or shocked the conscience), [2] Plaintiff's claim under the Fourteenth Amendment remains as to the alleged inhumane conditions of confinement. *See id.*

### B. Count VI—Negligent, Hiring, Training, Supervision and Retention Against City of Albuquerque Claim

Plaintiff contends that "Defendant City of Albuquerque was negligent in the hiring, training, supervision and retention of Defendant Officers whose seizure and confinement of Plaintiff deprived her of her constitutional rights . . . ." (First Am. Compl. ¶ 67.) Defendants argue that Plaintiff's claim fails because she did not comply with the notice requirement of the Tort Claims Act. (Doc. 15 at 4–5.) The Tort Claims Act requires:

> Every person who claims damages from the state or any local public body under the Tort Claims Act shall cause to be presented to the . . . mayor of the municipality for claims against the municipality, . . . within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury.

N.M. Stat. Ann. § 41-4-16(A) (1978).

Actual notice is a jurisdictional question. § 41-4-16(B). The assertion that Defendant City lacked notice is "an affirmative defense," hence the City "bears the burden of pleading and proving that affirmative defense." *Sandoval v. Romero*, No. 09-CV-1028-WJ-ACT at 4 (D.N.M.

---

[2] The fact that Plaintiff has added a detail about her confinement—that she "could hear people talking outside the van in normal voices[,]" but no one responded to her call for help—would not change the Court's decision on Plaintiff's claim under the Fourteenth Amendment. (Gmyr-Maez Aff. ¶ 10.) Even if Plaintiff had requested to add her affidavit as an addendum to her complaint, she has not alleged any facts sufficient to survive this motion to dismiss. There is no suggestion in her affidavit that the people she heard were Defendants, Defendants' agents, or that it was even appropriate for them to respond to her. (*See id.*) The fact that unidentified people outside the van failed to respond to her does not bring Plaintiff's allegations to the level of conscience-shocking, and her substantive due process claim would still fail. Moreover, under *Myers*, the existence of a post-deprivation remedy under state law would still preclude any procedural due process claim, regardless of whether the Court considered this additional allegation. *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013), *as amended on denial of reh'g* (Jan. 8, 2014).

Apr. 12, 2011) (citing *Pelt v. Utah*, 539 F.3d 1271, 1283–84 (10th Cir. 2008)); *see also City of Raton v. Ark. River Power Auth.*, 600 F. Supp. 2d 1130, 1145 (quoting *Dutton v. McKinley Cty. Bd. of Comm'rs*, 822 P.2d 1134, 1136 (N.M. Ct. App. 1991)). Defendants contend that Plaintiff's claim should be dismissed because she did not include information about timely written or actual notice in her complaint. (Doc. 15 at 5.) Defendants are incorrect. It is Defendants' burden to prove that Plaintiff failed to give appropriate notice under the Tort Claims Act. *City of Raton*, 600 F. Supp. 2d at 1145 ("[D]efendants have the burden of proving that the notice requirement was not met.") (quoting *Dutton*, 822 P.2d at 1136)). Defendants have not demonstrated a lack of notice, and their motion is denied on this issue.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 15) is **GRANTED** with respect to Plaintiff's procedural due process claim or a claim using the substantive due process standard (i.e., that Defendants' behavior was outrageous or shocked the conscience);

**IT IS FURTHER ORDERED** that Defendants' motion is **OTHERWISE DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**